THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
FILE NO. 5:25-cv-00156-BO-BM

| | |
|---|---|
| RAYLEE JOSEPHINE GRIECO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>NORTH CAROLINA STATE HIGHWAY )<br>PATROL, NORTH CAROLINA )<br>DEPARTMENT OF PUBLIC SAFETY, )<br>ASHLEY R. DAUGHTRY, DEVIN M. )<br>RICH, JAMES D. DUFF, TIMOTHY T. )<br>DANIELS, DAVID SMITH, and FREDDY )<br>L. JOHNSON, JR., )<br>)<br>)<br>Defendants. | **DEFENDANTS'**<br>**MEMORANDUM OF LAW IN**<br>**SUPPORT OF MOTION TO**<br>**DISMISS**<br><br>**[Fed. R. Civ. P. 12(b)(1) and (6)]** |

NOW COME Defendants, North Carolina State Highway Patrol, North Carolina Department of Public Safety (hereinafter, "Institutional Defendants"), Timothy T. Daniels, David S. Smith, Freddy L. Johnson, Jr., (hereinafter "Supervisory Defendants"), Ashley R. Daughtry, Devin M. Rich, and James D. Duff, (hereinafter "Trooper Defendants"), by and through undersigned counsel, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and submit this Memorandum of Law in support of their Motion to Dismiss. In summary, Plaintiff's various allegations against the different categories of Defendants are either barred by sovereign immunity or the Eleventh Amendment, or they fail to state a claim upon which relief can be granted and should therefore be dismissed with prejudice.

## STATEMENT OF THE CASE

On February 17, 2025, Plaintiff filed a Complaint in the Wake County, North Carolina Superior Court styled as *RAYLEE JOSEPHINE GRIECO v. N.C. State Highway Patrol, N.C. Dept.*

1

*of Public Safety*, (25CVS005850-910). DE-1. On March 14, 2025, Defendants removed the case to the Eastern District of North Carolina. *Id.* On March 20, 2025, Defendants filed a Motion for Extension of time to File Answer or Other Responsive Pleading and requested up to, and including May 19, 2025, as the deadline for filing. DE-5. On March 25, 2025, the Court granted that motion. DE-8.

In her complaint, Plaintiff asserts various claims against the groups of Defendants identified above (i.e. Institutional, Supervisory, and Trooper). *See* DE-1-3. Those claims are made against the non-Institutional Defendants in both their official and individual capacities. *Id.* Those claims, and the basis for their dismissal, are addressed below organized by type of Defendant.

Plaintiff seeks both monetary and equitable relief. *Id.* at 59.

In lieu of filing an Answer to the Complaint, Defendants now file their Motion to Dismiss contemporaneously with the filing of this Memorandum.

## **LEGAL STANDARD**

Where a defendant raises sovereign immunity as grounds for dismissing a claim, the motion is properly considered pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, as the defendant is contending that the court lacks subject matter jurisdiction over the plaintiff's claim. *Dickinson v. Univ. of N.C.*, 91 F. Supp. 3d 755, 761 (M.D.N.C. 2015); *Johnson v. North Carolina*, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012) (*citing Abril v. Virginia*, 145 F.3d 182, 184 (4th Cir. 1998)); *Beckham v. Nat'l R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 547 (D. Md. 2008). At the pleading stage, when a defendant raises immunity as grounds for a 12(b)(1) motion, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Such a motion should be granted if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The allegations must rise above a "speculative level," and instead, rise to a "plausible" level. *Id.* at 555 and 570. As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Courts are required to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

## ARGUMENT

I. **ALL PLAINTIFF'S CLAIMS AGAINST THE INSTITUTIONAL DEFENDANTS SHOULD BE DISMISSED DUE TO SOVEREIGN IMMUNITY AND FAILURE TO STATE A CLAIM.**

   *a.     Plaintiff's Intentional Tort Claims Against the North Carolina Department of Public Safety and the North Carolina State Highway Patrol (i.e. the Institutional Defendants) are barred by Sovereign Immunity.*

It is well settled that, pursuant to "the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity." *Meyer v. Walls,* 347 N.C. 97, 104, 489 S.E.2d 880, 884

3

(1997).

Plaintiff asserts claims for 1. Libel per se, 2. Libel per quod, 3. Slander per se, 4. Slander per quod, 5. Malicious Prosecution, and 6. Intentional Infliction of Emotional Distress against both Institutional Defendants. *See* DE-1-3. Plaintiff claims that "Defendants named herein do not have . . . sovereign immunity for any of the acts or omissions that are described herein." DE-1-3 at 5.

However, the Institutional Defendants, as State Agencies, have not waived their sovereign immunity as to any of these intentional tort claims. In fact, the North Carolina Torts Claims Act provides only a limited waiver of immunity and authorizes recovery against the State for negligent acts of its "officer[s], employee[s], involuntary servant[s] or agent[s]." N.C. Gen. Stat. § 143-291(a) (2023). Intentional torts are not waived. *Collins v. N.C. Parole Comm'n,* 344 N.C. 179, 183, 473 S.E.2d 1, 3 (1996) (citing *Jenkins v. N.C. Dep't of Motor Vehicles,* 244 N.C. 560, 94 S.E.2d 577 (1956)). Thus, the Institutional Defendants have not waived their sovereign immunity as to Plaintiff's intentional tort claims (i.e. claims one through five and twelve).

Additionally, even if Plaintiff's intentional tort claims were cognizable claims under the North Carolina Tort Claims Act, any such claim must be brought in the North Carolina Industrial Commission, not in Federal Court. N.C. Gen. Stat. § 143-291(a) (2023).

For the foregoing reasons, claims one through five and twelve against the Institutional Defendants are barred by Sovereign Immunity and should be dismissed under Rule 12(b)(1).

    **b.**    ***Plaintiff's Claim under the North Carolina Constitution Against the Institutional Defendants fails to state a claim and should be dismissed.***

To bring a direct claim under the North Carolina Constitution against a State actor, "[a] plaintiff's complaint must sufficiently allege: (1) a state actor violated an individual's constitutional rights, (2) the claim is a colorable constitutional claim . . ., and (3) there is no adequate state remedy apart from a direct claim under the Constitution." *Howell v. Cooper,* 290

N.C. App. 287, 294, 892 S.E.2d 445, 451 (2023) (citing *Deminski ex rel. C.E.D. v. N.C. Bd. of Educ.*, 377 N.C. 406, 413-14, 858 S.E.2d 788, 793-94 (2021)); *Watson v. Town of Mint Hill,* No. 3:20-cv-00721-FDW-DCK, 2021 WL 2827297, at *3 (W.D.N.C. July 7, 2021) (dismissing state constitutional claim where "Plaintiff fail[ed] to specifically allege, or even imply, that there [was] no adequate state remedy . . ..").

Plaintiff specifically cites to "allegations in paragraph 198, and paragraphs 33 through 130" as the basis for this claim under the North Carolina Constitution. DE-1 at 54. However, nowhere in those paragraphs, or anywhere else in her complaint, does Plaintiff allege, or even imply, that she does not have adequate remedies at state law. Therefore, since Plaintiff has failed to plead a required element of her claim under the North Carolina Constitution, her claim against the Institutional Defendants for violation of the North Carolina Constitution (i.e. claim 9) should be dismissed for failure to state a claim under Rule 12(b)(6).

## II. PLAINTIFF'S CLAIMS AGAINST THE SUPERVISORY DEFENDANTS SHOULD BE DISMISSED DUE TO SOVEREIGN IMMUNITY, THE ELEVENTH AMENDMENT, OR FAILURE TO STATE A CLAIM.

***a.   Plaintiff's claims against Defendants Johnson, Daniels, and Smith (i.e. the Supervisory Defendants) under 42 U.S.C. § 1983 in their official capacity are barred by Sovereign Immunity.***

Section 1983 "does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivation of civil liberties." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 66 (1989). The Eleventh Amendment "bars such suits unless the State has waived its immunity . . . or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity." *Id.*

The Eleventh Amendment is also applicable to state officers sued in their official capacity. *See Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459 (1945). "Obviously, state officials literally

5

are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. "State officials acting in their official capacity are therefore not 'persons' for the purposes of § 1983 and are not proper defendants to a § 1983 lawsuit." *Diggs v. Balogun*, 2017 WL 4921690 at *4 (D. Md. Oct. 31, 2017) (citing *Will*, 491 U.S. at 71). Accordingly, Plaintiff's claims against the Supervisory Defendants (i.e. claim eight) under § 1983 must be dismissed.

### b. *Plaintiff's claims against the Supervisory Defendants for intentional torts in their official capacity are likewise barred by Sovereign Immunity.*

Plaintiff's intentional tort claims against the Supervisory Defendants must be dismissed as well since those Defendants are entitled to sovereign immunity. Sovereign immunity immunizes "[a] governmental entity and its officers . . . when sued in their official capacity . . . from suits based on tort claims, unless there has been some waiver. *Aune v. Univ. of N.C.*, 120 N.C. App. 430, 436, 462 S.E.2d 678, 683 (1995). The "State of North Carolina has not waived its sovereign immunity regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act." *Hooper v. North Carolina,* 379 F. Supp. 2d 804, 812 (M.D.N.C. 2005). Therefore, Plaintiff's claims against Supervisory Defendants in their official capacity as outlined in claims one through five and twelve should be dismissed under Rule 12(b)(1).

### c. *Plaintiff's individual capacity claims against the Supervisory Defendants under 42 U.S.C. § 1983 fail to state a claim because the doctrine of Respondeat Superior does not apply to actions brought under § 1983.*

To establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [her] rights." *Williamson v. Stirling,* 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); s*ee Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th

6

Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. *Williamson,* 921 F.3d at 171. As such, the doctrine of *respondeat superior* does not apply in actions brought under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). While personal involvement is required, it need not be "hands-on." *Riddick v. Barber,* 109 F.4th 649 (4th Cir. 2024). "Instead, the 'requisite causal connection' between defendant and violation can be established if the defendant 'set[s] in motion a series of acts by others which actor [] know[s] or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 649-50 (citing *Amisi v. Brooks,* 93 F.4th 659, 670 (4th Cir. 2024) (internal quotation marks omitted) (establishing liability for a person who "subjects, or causes to be subjected," another person to a deprivation of constitutional rights.)

Here, Plaintiff fails to allege the "requisite causal connection" by any of the Supervisory Defendants. Instead, the only specific factual allegations regarding these claims against the Supervisory Defendants is that "Defendant Johnson, as Commander of NCSHP, was responsible for and liable for the acts and omissions of all employees and agents working under his supervision." DE-1-3 at 3; "Defendant Daniels, as Captain of Troop B of NCSHP, and Smith as Lieutenant, were responsible for and liable for the acts and omissions of all employees and agents working under their supervision." *Id.* at 4; and finally, that the Supervisory Defendants "were responsible for the training, discipline, and the implementation and enforcement of policies, practices, and customs of Trooper Defendants that resulted in the deprivation of [Plaintiff]'s rights under federal law, and they failed to take necessary actions to prevent such deprivations." *Id.*

But Plaintiff has not plausibly alleged that the Supervisory Defendants were aware of, or in any way involved with, the alleged deprivation of the Plaintiff's rights by the Trooper

7

Defendants. What is more, Plaintiff certainly has not plausibly alleged how any of the Supervisory Defendants "set in motion a series of acts by others" which they knew or reasonably should have known would cause Trooper Defendants to inflict the constitutional injuries alleged. Plaintiff's conclusory allegations that the Supervisory Defendants were "responsible for the training, discipline, and the implementation and enforcement of policies, practices, and customs of Trooper Defendants" contain no facts to support the contentions and bare legal conclusions and recitals of elements do not suffice to state a claim upon which relief may be granted. *See Aziz v. Alcolac,* 658 F.3d 388, 391 (4th Cir. 2011); *Walters v. McMahen,* 684 F.3d 435, 439 (4th Cir. 2012); *see also Johnson v. Balt. Police Dep't,* 452 F. Supp. 3d 283, 309 (D. Md. 2020) ("a plaintiff must provide factual allegations about the specific deficiencies in [police] training to state a failure to train claim.").

For those reasons, Plaintiff individual capacity claims against the Supervisory Defendants under § 1983 (i.e. claims six and seven) should be dismissed for failure to state a claim under Rule 12(b)(6).

> d. *Plaintiff's claims of Intentional Infliction of Emotion Distress (IIED) against the Supervisory Defendants do not allege facts stating a plausible claim.*

To plead IIED, Plaintiff must allege that Supervisory Defendants "engaged in (1) extreme and outrageous conduct, (2) which was intended to and did cause, (3) severe emotional distress." *Jackson v. Kimel,* 992 F.2d 1318, 1324 (4th Cir. 1993) (citing *Hogan v. Forsyth Country Club Co.,* 79 N.C. App. 483, 488, 340 S.E.2d 116, 119 (1986)). "Conduct is extreme and outrageous only when it is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regard as atrocious, and utterly intolerable in a civilized community." *McClean v. Duke Univ.* 376 F. Supp. 3d 585, 612 (M.D.N.C. 2019) (quoting *Briggs v. Rosenthal,* 73 N.C. App. 672, 677, 327 S.E.2d 308, 311 (1985)). Outrageous conduct by itself fails to state a

8

claim for IIED, however. *Dickins v. Puryear,* 302 N.C. 437, 276 S.E.2d 325 (1981). Instead, a Court must specifically "assess the severity of the distress the defendant intended to instill in the plaintiff by way of [its] actions." *Id.*

Here, Plaintiff again fails to plead the required elements of her IIED claim against Supervisory Defendants and those claims should be dismissed. Plaintiff fails to allege *any* facts regarding the intent of any of the Supervisory Defendants except to say that "Defendants' actions were beyond the bounds usually tolerated by a decent society and were intended to cause severe emotional and mental distress to Plaintiff." DE-1-3 at 57-58. But this is precisely the type of legally conclusive statement that would prevent the Court from specifically assessing the severity of the distress the Supervisory Defendants intended to instill in Plaintiff. Thus, this allegation fails to plead a required element and does not state a claim upon which relief should be granted.

Therefore, the IIED claim against Supervisory Defendants (i.e. claim twelve) should be dismissed pursuant to Rule 12(b)(6).

### III. PLAINTIFF'S OFFICIAL CAPACITY CLAIMS AGAINST THE TROOPER DEFENDANTS FOR INTENTIONAL TORTS SHOULD BE DISMISSED DUE TO SOVEREIGN IMMUNITY.

Like the analysis above regarding the Supervisory Defendants, Plaintiff's intentional tort claims against the Trooper Defendants must be dismissed since those Defendants are also entitled to sovereign immunity. Sovereign immunity immunizes "[a] governmental entity and its officers . . . when sued in their official capacity . . . from suits based on tort claims, unless there has been some waiver. *Aune,* 120 N.C. App. at 436. The "State of North Carolina has not waived its sovereign immunity regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act." *Hooper,* 379 F. Supp. 2d at 812. Therefore, Plaintiff's claims against Trooper Defendants in their official capacity

as outlined in claims one through five and twelve should be dismissed under Rule 12(b)(1).

## CONCLUSION

As explained above, Plaintiff's claims against the various Defendants, both in their individual and official capacities as applicable, should be dismissed with prejudice.

This the 19th day of May 2025.

**JEFF JACKSON**
**ATTORNEY GENERAL**

/s/Joseph P. Vellon
Joseph P. Vellon
Special Deputy Attorney General
N.C. State Bar No. 61457
N.C. Department of Justice
Public Safety Section
P. O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6901
Facsimile: (919) 716-6761
Email: jvellon@ncdoj.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

I hereby certify that the foregoing document complies with the Court's Local rules regarding font size and word count. This memorandum contains 3110 words.

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I electronically filed the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and (6)** with the Clerk of the Court using the CM/ECF system and further certify that I have served upon counsel of record by e-mail to the address indicated below.

>James T. Johnson
>jjohnson@dementaskew.com
>Jonathan W. Martin
>jmartin@dementaskew.com
>Juliana L. Strobing
>jstrobing@dementaskew.com
>Dement Askew Johnson & Marshall, LLP
>Post Office Box 711
>Raleigh, North Carolina 27602
>*Attorneys for Plaintiff*

The 19th day of May 2025.

>/s/ Joseph P. Vellon
>Joseph P. Vellon
>Special Deputy Attorney General