UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No. 5:25-cv-156-BO-BM

| | |
|---|---|
| RAYLEE JOSEPHINE GRIECO, | ) |
| Plaintiff, | ) |
| v. | ) |
| NORTH CAROLINA STATE HIGHWAY PATROL; NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY; ASHLEY R. DAUGHTRY, Individually and in his official capacity as Trooper with the Highway Patrol; DEVIN M. RICH, Individually and in his official capacity as Trooper with the Highway Patrol; JAMES D. DUFF, Individually and in his official capacity as Trooper with the Highway Patrol; TIMOTHY T. DANIELS, Individually and in his official capacity as Captain of Troop B of the Highway Patrol; DAVID SMITH, Individually and in his official capacity as Lieutenant of Troop B of the Highway Patrol; and FREDDY L. JOHNSON, JR., Individually and in his official capacity as Commander of the Highway Patrol; | ) **REPORT OF PARTIES' PLANNING MEETING** **Fed. R. Civ. P. 26(f)** |
| Defendants. | ) |

1. **Meeting:** Pursuant to Fed. R. Civ. P. 26(f) and the Court's Order for Discovery Plan (D.E. 15), a meeting was held on June 12, 2025, attended by the following:

    James T. Johnson
    Dement Askew Johnson & Marshall, LLP

Attorney for Plaintiff

Joseph P. Vellon
Special Deputy Attorney General
North Carolina Department of Justice
Attorney for Defendants

**2.     Initial Disclosures:** The parties agree that they will exchange the information required by Fed. R. Civ. P. 26(a)(1) within 45 days of the Court's entry of a Case Management / Scheduling Order.

**3.     Discovery Plan. The parties propose this discovery plan:**

**(a)     Discovery is needed regarding:** 1) The events referenced in the Complaint, 2) Plaintiff's claims and damages, 3) Defendants' defenses, 4) Relevant policies and practices of the North Carolina State Highway Patrol and North Carolina Department of Public Safety, 5) Employment history of Defendants, 6) Plaintiff's medical, educational, and employment history, and 7) other relevant matter. The parties reserve the right to depose properly designated experts.[1]

**(b)     Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery:** The parties are not aware of any need in this case to conduct discovery in phases. Discovery may commence upon the entry by the Court of a Case Management / Scheduling Order and should be commenced in time to be completed by June 5, 2026 (close of discovery).

**(c)     Maximum number of interrogatories by each party to another party, along with the dates the answers are due:**

---

[1] By identifying discovery topics herein, the parties do not waive their right to lodge objections to any specific discovery requests served on them by other parties.

The parties agree to a maximum of 35 Interrogatories by each party to any other party; however, to the extent that more than one party is represented by the same attorney, only 35 Interrogatories may be served by or on all the parties, combined, who are represented by said attorney. All response times shall be in accordance with the Federal Rules of Civil Procedure. The parties have the authority to allow informal extensions of time to respond to interrogatories, requests for admissions or requests for production of documents of up to 30 days without formally requesting such an extension from the Court so long as discovery is completed by the date set by the Court for the close of discovery.

**(d)     Maximum number of requests for admission, along with the dates responses are due:**

The parties agree to a maximum of 25 Requests for Admission by each party to any other party; however, to the extent that more than one party is represented by the same attorney, only 25 Requests for Admissions may be served by or on all parties, combined, who are represented by said attorney. All response times shall be in accordance with the Federal Rules of Civil Procedure. The parties have the authority to allow informal extensions of time to respond to interrogatories, requests for admissions or requests for production of documents of up to 30 days without formally requesting such an extension from the Court so long as discovery is completed by the date set by the Court for the close of discovery.

**(e)     Maximum number of depositions by each party:**

Each party may take up to ten depositions, not including expert depositions. However, to the extent that more than one party is represented by the same attorney, only ten depositions (not including expert depositions) may be requested by the attorney representing said parties. Additional depositions, if necessary, may be taken if all counsel consent. A party may also request permission from the Court for leave to take additional depositions, if necessary.

3

(f) **Limits on the length of depositions, in hours:**

Each deposition is limited to a maximum of seven hours of testimony unless extended by agreement of the parties.

(g) **Dates for exchanging reports of expert witnesses:**

Deadlines for Disclosure of Experts and Production of Expert Reports:

Plaintiffs:   February 1, 2026
Defendants:   April 1, 2026
Rebuttals:    May 1, 2026

(h) **Dates for supplementations under Rule 26(e):**

Supplementations under Rule 26(e) should occur per the deadlines set forth in Fed. R. Civ. P. 26(e) but no later than 30 days prior to the close of discovery.

(i) **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

The parties anticipate that some information requested in discovery will be electronically stored information but are not yet aware of the full extent of said information. Should any sources be identified and requested, the parties agree that the information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business, or if not in such a manner, in such other form as is reasonably usable. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and preserve all such information identified. If the information or its production will be unduly burdensome, the parties will seek guidance from the Court including, if appropriate, a protective order and assessment of costs.

(j) **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after**

production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:

The parties are not aware of any such issues as of this date; but will address any such issues with the Court during discovery and/or prior to trial if any such issues arise.

**4. Other Items:**

**(a) A date if the parties ask to meet with the court before a scheduling order:**

The parties do not request a meeting with the Court prior to the entry of a scheduling order.

**(b) Requested dates for pretrial conferences:**

The parties request that a pretrial conference occur fifteen days prior to trial.

**(c) Final dates for the plaintiff to amend pleadings or to join parties:**

October 3, 2025

**(d) Final dates for the defendant to amend pleadings or to join parties:**

November 3, 2025

**(e) Final dates to file dispositive motions:**

Dispositive motions must be filed by or on July 10, 2026 or thirty days after the close of discovery if the deadline for completing discovery is extended by the Court.

**(f) State the prospects for settlement:**

The parties have not had an opportunity to assess settlement prospects at this time but will discuss and explore settlement prospects via mediation.

**(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects and the timing of such procedure.**

The parties have agreed to conduct and complete a mediation conference no later than <u>June 5, 2026</u>. The parties have selected Asa Bell as their mediator; and will file a designation of mediator with the Court no later than <u>July 30, 2025</u>.

**(h)** **Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists:**

Unless ordered otherwise by the Court, Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibits lists will be submitted <u>thirty days</u> prior to trial.

**(i)** **Final dates to file objections under Rule 26(a)(3):**

Unless ordered otherwise by the Court, objections per Rule 26(a)(3) are to be filed <u>fourteen days</u> after the filing of opposing counsel's 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibits lists.

**(j)** **Suggested trial date and estimate of trial length:**

The parties suggest that the trial in this matter be set <u>75 days</u> after the close of discovery, or <u>75 days</u> after the resolution of dispositive motions if any such motions are filed. The parties anticipate that the trial in this matter will last approximately six to seven days.

**(k)** **Other matters:**

1. Plaintiff intends to request Defendants' personnel information, and records pertaining to Highway Patrol's investigations involving Plaintiff. Plaintiff will be seeking protective order(s) from the Court providing guidance and required parameters for the production

of these documents and will work with counsel for Defendants and/or the Court regarding any protective orders so entered.

2. The parties have discussed certain issues related to claims of privilege and protection of trial-preparation materials and have agreed upon a procedure to assert such claims after inadvertent production of privileged or trial-preparation materials. The parties agree that an inadvertent disclosure of privileged or trial-preparation materials (absent a clear indication of the intent to waive such privilege or protection), including but not limited to metadata and other such information, shall not be deemed a waiver or forfeiture of such privilege or protection provided that the party making the production or disclosure promptly identifies any such documents and/or metadata mistakenly produced after discovery of the inadvertent production. The parties further agree that, upon request, any such mistakenly-produced documents/metadata shall be returned. In the event of a dispute over the use of any privileged materials, the receiving party must sequester or destroy all copies, and may not use or disseminate the information contained therein until such time as the dispute over the claim of privilege is resolved by the Court.

3. To the extent consent is required for magistrate jurisdiction, the parties do not consent to magistrate jurisdiction at this time.

Respectfully submitted this the 25th day of June, 2025.

s/ James T. Johnson
James Johnson
Jonathan W. Martin
Dement Askew Johnson & Marshall  LLP
P.O. Box 711
Raleigh, NC 27602
(919) 833-5555
Email: jjohnson@dementaskew.com
*Attorney for Plaintiff*

<u>/s/ Joseph P. Vellon</u>
Joseph P. Vellon
Special Deputy Attorney General
N.C. Dept. of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC 27602-06291
(919 716-6901
Email:  jvellon@ncdoj.gov

8

Case 5:25-cv-00156-BO-BM     Document 17     Filed 06/25/25     Page 8 of 8