THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.  5:25-CV-00156-BO-BM

| | | |
|---|---|---|
| RAYLEE JOSEPHINE GRIECO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| NORTH CAROLINA STATE HIGHWAY | ) | **DEFENDANTS' ANSWER** |
| PATROL, | ) | **(Jury Trial Demanded)** |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF PUBLIC SAFETY, | ) | |
| ASHLEY R. DAUGHTRY, | ) | |
| DEVIN M. RICH, | ) | |
| JAMES D. DUFF, | ) | |
| TIMOTHY T. DANIELS, | ) | |
| DAVID SMITH, and | ) | |
| FREDDY L. JOHNSON, JR., | ) | |
| | ) | |
| Defendants. | ) | |

NOW COME Defendants, North Carolina State Highway Patrol, North Carolina Department of Public Safety, Ashley R. Daughtry, Devin M. Rich, James D. Duff, Timothy T. Daniels, David Smith, and Freddy L. Johnson, Jr. ("Defendants"), by and through undersigned counsel, and hereby respond to the allegations in the specifically numbered paragraphs of Plaintiff's Complaint as follows:

## FIRST DEFENSE – ANSWER

Except as specifically admitted herein, Defendants deny all allegations and requests for relief in Plaintiff's Complaint. Otherwise, Defendants respond as follows to paragraphs of the Complaint:

## PARTIES

1.      Admitted on information and belief.

2.      It is admitted that Defendant North Carolina State Highway Patrol is a North Carolina State agency responsible for highway safety and law enforcement throughout the state and that NCSHP's mission is to make highways safer, reduce crime and respond to disasters. Except as admitted herein, the remaining allegations are denied.

3.      As of July 1, 2025, NCSHP became its own cabinet level agency. Except as admitted herein, the remaining allegations are denied.

4.      Denied.

5.      Denied.

6.      Admitted on information and belief.

7.      Admitted on information and belief.

8.      Admitted on information and belief.

9.      Admitted on information and belief.

10.     Admitted.

2

11.     It is admitted that Defendants Daughtry, Rich, Duff, Smith and Daniels were all subordinates working under Defendants Johnson's direct or indirect supervision. Except as admitted herein, the remaining allegations are denied.

12.     It is admitted that Defendants Daughtry, Rich and Duff were all subordinates working under Defendants Daniels' and Smith's respective direct or indirect supervision. Except as admitted herein, the remaining allegations are denied.

13.     Admitted.

14.     It is admitted that Defendants Daniels, Smith and Johnson served in supervisory roles with the NCSHP and in CPS during all times alleged in the complaint. It is further admitted that these officers were responsible for training, discipline and implementation and enforcement of the policies practices and customs of the Trooper Defendants. Except as admitted herein, the remaining allegations are denied.

15.     Admitted.

16.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

17.     Admitted.

## WAIVER OF IMMUNITY

18.     Denied.

19.     Denied.

20.     Denied.

21.     Admitted.

22.     Admitted.

23.     Admitted.

## FACTS

**I.      The February 18, 2024, Accident.**

24.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

25.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

26.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

27.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

28.     Admitted on information and belief.

29.     Admitted.

30.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

31.     Admitted.

32.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

**II.     NCSHP Investigation of Accident, Egregiously Flawed Attempted DRE Evaluation of Raylee, and Institution of Charges Against Raylee with No Probable Cause.**

33.     Admitted.

34.     Admitted.

35.     It is admitted that Defendant Duff did not perform impairment testing at the scene of the accident other than the use of the PBT device. Except as admitted herein, the remaining allegations are denied.

36.     Denied.

37.     Admitted.

38.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

39.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

40.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

41.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

42.     Denied.

43.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

44.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

45.     Denied.

46.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

47.     Admitted.

48.     Admitted.

49.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

50.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

63. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

64. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

**III. February 19, 2024, Press Release.**

65. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

66. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

67. Denied.

68. Denied.

69. Denied.

7

70.    The content of the press release is admitted. Except as admitted herein, the remaining allegations are denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Admitted.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    It is admitted that in July 2024, the blood test was returned to Duplin County District Attorneys' office which show no impairing substances were identified, which resulted in the driving while impaired and underage driving while impaired charges against Plaintiff being dismissed. Except as admitted herein, the remaining allegations are denied.

## IV.    Ensuing News Stories about the February 18, 2024, Accident and Additional Defamatory Statements Made by Defendant Rich.

81.    Denied.

82.    The contents of the February 19, 2024, WRAL article are admitted. Except as admitted herein, the remaining allegations are denied.

83.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

84.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

85.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

86.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

87.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

88.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

89.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

90.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

91.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

92.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

93.     Denied.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

**V.      Attorneys Using Raylee as "Poster Child" for Drugged Driving**

99.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

100.    Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

**VI.     Raylee's Summary Suspension from UNCW.**

101.    Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

102.    Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

103.    Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

104.    Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

105. Denied.

106. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

**VII. Raylee's Casting Out and Barrage of Hateful Messages**

107. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

108. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

109. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

110. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

111. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

112. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

113. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

114. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

115.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

116.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

117.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

118.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

119.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

120.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

121.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

122. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

123. Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

124.     Defendants are currently without sufficient information to admit or deny the allegations in this paragraph, and therefore, they are denied.

125. Denied.

**VIII. Resolution of Criminal Case against Raylee**

126. Admitted.

**IX. Damages**

127. Denied.

128. Denied.

129. Denied.

130. Denied.

## FIRST CLAIM
## DISMISSED AS TO AGENCIES AND INDIVIDUAL DEFENDANTS IN THEIR OFFICAL CAPACITIES – Libel *Per Se* Against All Defendants - The following responses apply to all individual Defendants in their individual capacity.

131. Defendants reallege and incorporate by reference paragraphs 1 through 130 of this

Answer as if fully set forth herein.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

## SECOND CLAIM

**DISMISSED AS TO AGENCIES AND INDIVIDUAL DEFENDANTS IN THEIR OFFICAL CAPACITIES – Libel *Per Quod* Against All Defendants - The following responses apply to all individual Defendants in their individual capacity.**

146.    Defendants reallege and incorporate by reference paragraphs 1 through 145 of this

Answer as if fully set forth herein.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    Denied.

159.    Denied.

160.    Denied.

161.    Denied.

162.    Denied.

### THIRD CLAIM
**DISMISSED AS TO AGENCIES AND INDIVIDUAL DEFENDANTS IN THEIR OFFICAL CAPACITIES – Slander *Per Se* Against Defendant Rich, Supervisory Defendants, NCSHP, and NCDPS – The following responses apply to Defendant Rich and Supervisory Defendants in their individual capacity.**

163.    Defendants reallege and incorporate by reference paragraphs 1 through 162 of this

Answer as if fully set forth herein.

164.    Denied.

165.    Denied.

166.    Denied.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.   Denied.

174.   Denied.

175.   Denied.

176.   Denied.

177.   Denied.

## FOURTH CLAIM
## DISMISSED AS TO AGENCIES AND INDIVIDUAL DEFENDANTS IN THEIR OFFICAL CAPACITIES – Slander *Per Quod* Against Defendant Rich, Supervisory Defendants, NCSHP, and NCDPS – The following responses apply to Defendant Rich and Supervisory Defendants in their individual capacity

178.   Defendants reallege and incorporate by reference paragraphs 1 through 177 of this

Answer as if fully set forth herein.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

183.   Denied.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

16

189. Denied.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

194. Denied.

## FIFTH CLAIM
**DISMISSED AS TO AGENCIES AND INDIVIDUAL DEFENDANTS IN THEIR OFFICAL CAPACITIES – Malicious Prosecution Against Defendants NCSHP, NCDPS, Duff, Rich, Daniels, Smith, and Johnson – The following responses apply to Defendants Duff, Rich, Daniels, Smith, and Johnson in their individual capacity**

195. Defendants reallege and incorporate by reference paragraphs 1 through 194 of this

Answer as if fully set forth herein.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205.    Denied.

206.    Denied.

## SIXTH CLAIM

**Individual Defendants' Violations of the Fourth and Fourteenth Amendments to the United States Constitution, and Other Constitutional Violations, Pursuant to 42 U.S.C. § 1983, Arising out of Malicious Prosecution**

207.    Defendants reallege and incorporate by reference paragraphs 1 through 206 of this Answer as if fully set forth herein.

208.    This is a conclusory allegation to which no response is required.

209.    Admitted.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

## SEVENTH CLAIM

**Individual Defendants' Violations of the Fourth and Fourteenth Amendments to the United States Constitution, and Other Constitutional Violations, Pursuant to 42 U.S.C. § 1983, As a Result of Injury to Reputation and Stigma-Plus**

214.    Defendants reallege and incorporate by reference paragraphs 1 through 213 of this Answer as if fully set forth herein.

215.    This is a conclusory allegation to which no response is required.

216.    Admitted.

217.    Denied.

18

218.    Denied.

219.    Denied.

220.    Denied.

221.    Denied.

222.    Denied.

223.    Denied.

**EIGHTH CLAIM**
**DISMISSED AS TO SUPERVISORY DEFENDANTS IN THEIR OFFICAL**
**CAPACITIES – Supervisory Defendants' Violations of the Fourth Amendment to the**
**United States Constitution, and Other Constitutional Violations, Pursuant to 42**
**U.S.C. § 1983 – The following responses apply to Supervisory Defendants in their**
**individual capacity**

224.    Defendants reallege and incorporate by reference paragraphs 1 through 223 of this

Answer as if fully set forth herein.

225.    Denied.

226.    Denied.

227.    Denied.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Denied.

232.    Denied.

233.    Denied.

## NINTH CLAIM
**DISMISSED – North Carolina Constitutional Violations Against Defendants NCSHP and NCDPS**

234. to 237.

## TENTH CLAIM
**Negligence Against All Individually Named Defendants**

238.    Defendants reallege and incorporate by reference paragraphs 1 through 237 of this

Answer as if fully set forth herein.

239.    Admitted.

240.    Denied.

241.    Denied.

## ELEVENTH CLAIM
**Gross Negligence and Malicious Conduct Against All Individually Named Defendants**

242.    Defendants reallege and incorporate by reference paragraphs 1 through 241 of this

Answer as if fully set forth herein.

243.    This is a conclusory allegation to which no response is required.

244.    Denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    Denied.

## TWELFTH CLAIM

**Intentional/Negligent Infliction of Mental and Emotional Distress Against All Defendants – IIED CLAIM DISMISSED AS TO AGENCIES AND INDIVIDUAL DEFENDANTS IN THEIR OFFICAL CAPACITIES – The following responses apply all individual Defendants in their individual capacity as to IIED Claims, and to all Defendants as to NIED Claims**

249.    Defendants reallege and incorporate by reference paragraphs 1 through 248 of this Answer as if fully set forth herein.

250.    Denied.

251.    Denied.

252.    Denied.

253.    Denied.

254.    Denied.

## THIRTEENTH CLAIM
### Punitive Damages Against All Defendants

255.    Defendants reallege and incorporate by reference paragraphs 1 through 254 of this Answer as if fully set forth herein.

256.    Denied.

    **EACH AND EVERY ALLEGATION OF PLAINTIFF'S COMPLAINT, INCLUDING ALLEGATIONS IN PLAINTIFF'S PRAYER FOR RELEIF, NOT HEREIN EXPLICITLY ADMITTED, IS DENIED.**

## SECOND DEFENSE – QUALIFIED IMMUNITY

Qualified immunity shields the Defendants in their individual capacity from Plaintiff's claims against them for monetary damages, if any, as Defendants did not violate any clearly established federal law or constitutional rights of which a reasonable person would have known.

## THIRD DEFENSE – SOVEREIGN IMMUNITY

The Eleventh Amendment to the United States Constitution and Sovereign Immunity shields the Defendant to the extent Plaintiff seeks to recover money damages from Defendant in their official capacity. The State of North Carolina has not consented to suit or otherwise waived such immunity; therefore, such recovery is barred.

## FOURTH DEFENSE – FAILURE TO STATE A CLAIM

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff fails to state a claim upon which relief can be granted, and Defendants plead this failure in bar of Plaintiff's claims against them. The Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to support a finding that Defendants violated Plaintiff's rights under the Constitution or federal law. Lastly, the Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege facts sufficient to state any other legally cognizable claims.

## FIFTH DEFENSE – SUPERSEDING CAUSE

If the jury should find that the actions or omissions of any other person(s) were a proximate cause of injury to Plaintiff and thereby interrupted the casual relationship between any alleged (but denied) wrongful actions of Defendants with respect to the alleged injury to Plaintiff, Defendants plead such superseding actions as a complete bar against any recovery by Plaintiff from Defendants in this matter.

## SIXTH DEFENSE – NO PROXIMATE CAUSE

Defendant's conduct was at all times in accordance with the applicable standards of care and no alleged act or failure to act by Defendant was the proximate cause of any injuries, if any, or damages, if any, complained of by Plaintiff.

## SEVENTH DEFENSE – FAILURE TO MITIGATE DAMAGES

Should the evidence show that Plaintiff failed to mitigate her damages, Defendants plead such failure as a bar to Plaintiff's claims, or alternatively, as a reduction of Plaintiff's alleged damages.

## EIGHTH DEFENSE – NO PUNITIVE DAMAGES

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendants, and Defendants plead such failure in bar of any such recovery. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make

23

out the level of intentional conduct, reckless disregard of injury, or evil motive/intent by Defendants required to support a claim for punitive damages.

## RESERVATIONS OF RIGHTS

Without waiving any other defenses or immunities asserted herein, Defendants assert any and all other legal or equitable defenses and/or immunities that currently exist and/or may be discovered hereinafter.

## PRAYER FOR RELIEF

WHEREFORE, Defendants hereby pray the Court as follows:

1.     That Plaintiff's Complaint be dismissed with prejudice;

2.     That Plaintiff have and recover nothing from Defendants;

3.     That the costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;

4.     For a trial by jury on all issues so triable; and

5.     For such other and further relief as the Court deems just and proper.

This the 20th day of October 2025.

JEFF JACKSON
Attorney General

/s/Laura S. Jenkins
Laura S. Jenkins
Special Deputy Attorney General
N.C. State Bar No. 24827
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, NC  27602-0629
Telephone: (919) 716-6858
Facsimile: (919) 716-6761
E-mail:  ljenkins@ncdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice to the following counsel of record:

> James T. Johnson
> <u>jjohnson@dementaskew.com</u>
> Jonathan W. Martin
> <u>jmartin@dementaskew.com</u>
> Juliana L. Strobing
> <u>jstrobing@dementaskew.com</u>
> Dement Askew Johnson & Marshall, LLP
> Post Office Box 711
> Raleigh, North Carolina 27602
> *Attorneys for Plaintiff*

This the 20th day of October 2025.

<u>/s/Laura S. Jenkins</u>
Laura S. Jenkins
Special Deputy Attorney General
